ORIGINAL

FILED

01/17/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0749

## IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0749

JORDAN AHENAKEW,

Petitioner,

v.

JAMES SALMONSEN, Warden,
Montana State Prison,

Respondent.

FILED

JAN 17 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Self-represented Petitioner Jordan Ahenakew has filed a Petition for Writ of Habeas Corpus, explaining that the charge of escape should be dismissed because he did not leave the county and he turned himself into authorities. He states that he "didn't intentionally walk away" and that he "was going through a lot of stress dealing with child protective services . . . ." Ahenakew maintains that he wanted to get his kids back and that the pre-release center was not treating him well. He contends that the pre-release center interfered with his treatment program and mandatory visits with his kids. Ahenakew adds that he wants to continue his treatment plan and to be with his children.

Ahenakew does not provide documents concerning any legal proceeding. As a petitioner, he has the burden to provide this Court with supporting documentation concerning illegal restraint or incarceration in the Montana State Prison. *In re Hart*, 178 Mont. 235, 249-50, 583 P.2d 411, 419 (1978). It is not clear whether Ahenakew's probation was revoked in a court or if he has been charged with escape.

Available electronic records indicate that in February 2020, the Hill County District Court continued Ahenakew's deferred imposition of sentence for 2015 criminal mischief and theft convictions. At that time, the court recognized the need for treatment for Ahenakew's addiction and placement in a treatment facility. On March 15, 2021, the court revoked Ahenakew's sentence for violating his terms and conditions of the original 2018

Judgment. The court imposed a three-year sentence to the Department of Corrections and recommended placement in the Great Falls Pre-release Center. The court noted that this was his second revocation and that he "has struggled with reporting to his Probation Officer."

This Court cannot provide Ahenakew with any relief. Ahenakew has not demonstrated illegal incarceration. Section 46-22-101(1), MCA. He is further constrained here because he cannot challenge a sentence upon revocation through this remedy of habeas corpus. Section 46-22-101(2), MCA. Concerning his claims giving rise to the escape charge, he should have the opportunity to inform counsel about his situation if he were to face charges in a District Court. Therefore,

IT IS ORDERED that Ahenakew's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk of the Supreme Court will provide a copy to counsel of record and to Jordan Ahenakew personally.

DATED this 17th day of January, 2023.

_____
Chief Justice

_____

_____

_____
Justices